[S. F. No. 3643.   Department One.—December 18, 1903.]

In the Matter of the Estate of DRURY MELONE, Deceased. HENRY C. MELONE, Appellant, v. SARAH B. MELONE, Respondent.

ESTATES OF DECEASED PERSONS—PROBATE OF WILL—PUBLICATION OF NOTICE OF HEARING—LEGAL "NEWSPAPER."—The publication of the hearing of the notice of the probate of a will of a deceased person is regulated by section 1303 of the Code of Civil Procedure, which merely requires publication thereof "in a newspaper of the county"; and the Recorder, a legal newspaper published in the city and county of San Francisco, is a "newspaper of the county" within the meaning of that section.

ID.—ACT DEFINING "NEWSPAPER OF GENERAL CIRCULATION"—CONSTITUTIONAL LAW—TITLE OF ACT—EXCLUSION OF LEGAL PROCEEDINGS.—

The title of the act of March 25, 1903, (which adds sections 4458 and 4459 to the Political Code, and provides for publications in a "newspaper of general circulation," and purports to define that phrase), is limited exclusively by its terms to publications made by state officers, and commissioners and common councils, boards of trustees, or supervisors in counties, cities, cities and counties, or towns; and the act is unconstitutional under article IV, section 24 of the constitution, in so far as it attempts to include any other class of publications in the body of the act. The act is inapplicable to and excludes all publications made in legal proceedings in the various courts of this state.

APPEAL from an order of the Superior Court of the City and County of San Francisco admitting a will to probate. J. V. Coffey, Judge.

The probate of the will was contested on the ground that the publication of the notice of hearing was made in the Recorder, a law journal and daily newspaper published in the city and county of San Francisco, and was insufficient, on the ground that it was not made in a "newspaper of general circulation."

Stanley Moore, P. F. Dunne, and James H. Budd, for Appellant.

Chickering & Gregory, and Garret W. McEnerney, for Respondent.

SHAW, J.—This is an appeal from an order admitting to probate the last will and testament of Drury Melone, deceased. The only point made upon the appeal is, that the notice of the time and place appointed for proving the will was not published in a newspaper of general circulation, according to the definition of such newspaper as given in section 4459 of the Political Code, a section added to that code by the legislature of 1903. (Stats. 1903, p. 478.) Section 1303 of the Code of Civil Procedure provides, that when the petition for the probate of a will is filed the clerk of the court must set the petition for hearing upon some day, and must give notice of the hearing "by publishing the same in a newspaper of the county." It is admitted that the newspaper in which the notice in question in this case was published was a newspaper

of the county within the meaning of this section, and that, unless section 4459 of the Political Code requires a newspaper of a different character, the publication was in all respects legal.

We are of the opinion that in so far as section 4459 of the Political Code, purporting to define the meaning of the phrase "newspaper of general circulation," appears to be applicable to a publication made in the course of proceedings for the probate of a will it is unconstitutional and void. The title of the act of March 25, 1903, is as follows: "An act to add a new title to part IV of an act entitled, 'An act to establish a Political Code,' approved March 12, 1872, to be known as title V, regulating publications by state officers and commissioners, common councils, boards of trustees, or supervisors, in counties, cities, cities and counties, or towns." The title V thus enacted consists of two sections of the Political Code, numbered respectively 4458 and 4459. Section 4458 is as follows: "Whenever any publication, or notice by publication, or official advertising is required to be given or made by the provisions of this code, the Civil Code, the Code of Civil Procedure, the Penal Code, or by any law of the state, by any officer now existing, or any hereafter to be created, in this state, or any political subdivision thereof, or by any officer of a county, city, city and county, or town, such publication or notice by publication, or official advertising, shall be given or made only in a newspaper of general circulation, where such a newspaper is published within the jurisdiction of said official." The title relates exclusively to publications made by state officers and commissioners, common councils, boards of trustees, or supervisors, in counties, cities, cities and counties, or towns. By the provisions of section 4458, above quoted, an attempt is made to provide regulations for publications required by either of the codes, or by any law of the state, to be made by any officer now existing or hereafter created in this state or any political subdivision thereof. Thus it is attempted to include in the body of the act a large class of publications which are not mentioned or referred to in the title. We are not disposed to be critical of the sufficiency of the title of an act where general terms are employed which are susceptible of subdivision into a large number of subordinate parts. But

where the legislature sees fit, after employing general terms, to go further in the title and point out specifically the precise parts to which it is intended that the act shall relate, this limits the effect of the act to the subjects thus pointed out. Article IV, section 24, of the constitution declares: "Every act shall embrace but one subject, which shall be expressed in its title. But if any subject shall be embraced in an act which shall not be expressed in its title, such act shall be void only as to so much thereof as shall not be expressed in its title." Section 4458 declares that the publications there specified shall be made only in a newspaper of general circulation. The following section, number 4459, which defines what is meant by the phrase "newspaper of general circulation," of course refers to the publications described in section 4458, and is to be considered as intended to define what newspaper shall be sufficient in character to come within the definition of the term, as used in the preceding section. In its application, therefore, section 4459 is limited by the effect of section 4458, and the definition of a newspaper embodied in section 4459 has no application except to publications lawfully required and regulated by section 4458. In so far as section 4458 is unconstitutional, section 4459 is inoperative. Under the provisions of the constitution above quoted, the effect of section 4458 is limited to the specific subjects expressed in the title, and the section is valid only with respect to publications made by state officers and commissioners, common councils, boards of trustees, or supervisors, in counties, cities, cities and counties, or towns. And the effect of section 4459 is necessarily confined to the same classes of publications. This classification excludes all publications made in the course of legal proceedings in the various courts of the state, and as to such publications the entire act is void and inapplicable. Therefore, the contention of the appellant that the publication of the notice in question was not made in a newspaper of the character that would make it a legal publication is not well taken.

The order appealed from is affirmed.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.